## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PETER JAMES ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-09-598-C |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  He raises a due process challenge to a prison disciplinary conviction which resulted in the revocation of earned credits.  Respondent has filed a Motion to Dismiss [Doc. #9] and seeks dismissal of the Petition on grounds that Petitioner has failed to exhaust available state judicial remedies prior to filing this federal habeas action.  In response, Petitioner has filed a Motion for Stay and Abeyance [Doc. #11] and the matter is now at issue.

For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed without prejudice to refiling.  It is further recommended that Petitioner's Motion for Stay and Abeyance be denied.

## I.    Relevant Factual Background

Petitioner is incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma. On May 22, 2008, Petitioner was found guilty of Menacing, a Class X misconduct offense. *See* Respondent's Motion, Exhibit 2, Disciplinary Hearing Report; *see also* Petition, Exhibit 2.  His punishment included the revocation of 365 days earned credits.  *Id*.  Petitioner

appealed the misconduct conviction through the prison administrative appeal process, and the conviction was affirmed by final administrative decision dated August 12, 2008.  *See* Respondent's Motion, Exhibit 3, Response from Director or Designee.

Petitioner then timely sought judicial review of the misconduct conviction by filing a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1.  *See* Respondent's Motion, Exhibit 5, Docket, *Robinson v. Oklahoma Department of Corrections*, Case No. CJ-2008-8763, District Court of Oklahoma County, State of Oklahoma.  The state district court denied relief on February 11, 2009.  See Respondent's Motion, Exhibit 4, Journal Entry of Judgment.

Petitioner did not file an appeal of the district court's judgment of denial to the Oklahoma Court of Criminal Appeals (OCCA) within the time permitted under Oklahoma law.  However, on April 6, 2009, Petitioner filed with the district court an application to file an appeal out of time.  *See* Petition, Exhibit 3.  On June 3, 2009, the state district court entered a recommendation that Petitioner be granted an appeal out of time, finding that Petitioner's failure to timely appeal was through no fault of his own.  *See* Respondent's Motion, Exhibit 5, Docket, Recommendation (June 3, 2009).[1]  Under Oklahoma law, however, ultimate approval to proceed with an appeal out of time must come from the OCCA.  *See* Rules of the Oklahoma Court of Criminal Appeals, Rule 2.1(E).

_____

[1]The Court further takes judicial notice of the Recommendation.  *See* OSCN network, www.oscn.net, Docket, *Robinson v. Department of Corrections*, Case No. CJ-2008-8763.

Petitioner filed the instant habeas action on June 5, 2009, before instituting proceedings at the OCCA to file his appeal out of time.  He filed a notice of intent to appeal with the state district court on June 10, 2009.  *See* Respondent's Motion, Exhibit 5, Docket, *Robinson v. Department of Corrections*, Case No. CJ-2008-8763, District Court of Oklahoma County, State of Oklahoma. On June 12, 2009, Respondent filed his Motion to Dismiss the instant habeas action.

On June 22, 2009, Plaintiff filed his initial filing at the OCCA and a certificate of appeal was issued.  *See* OSCN network, www.oscn.net, *Docket, Robinson v. Department of Corrections,* Case No. PC-2009-572, Oklahoma Court of Criminal Appeals.  Most recently, on August 24, 2009, Petitioner filed his petition in error and brief in support with the OCCA. *See id*.  As of the filing of this Report and Recommendation, no ruling has been entered by the OCCA.

## II.   <u>Petitioner's Claims</u>

In this habeas action, Petitioner brings two related claims premised on alleged violations of his due process rights in the context of his prison disciplinary conviction. Petitioner claims his due process rights were violated because prison officials refused Petitioner's request to present exculpatory evidence in defense of the misconduct charge. The evidence Petitioner claims he should have been allowed to present is a surveillance video tape.  Petitioner further claims a due process violation contending that no evidence supports the disciplinary conviction.  Petitioner contends the revocation of 365 days credit – a sanction imposed as a result of the disciplinary conviction – should be restored.

3

### III.    Analysis

#### A.    Exhaustion of State Judicial Remedies

Habeas petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241.  *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  *See also Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies.") (citation omitted).  Petitioner has an available state judicial remedy to determine whether he was afforded due process in the context of his prison disciplinary conviction.  *See* Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); *see also Magar*, 490 F.3d at 818-819 (Oklahoma provides for judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1).  The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  *See id.*, § 564.1(D)(1)-(7).  Petitioner's due process claims fall within the ambit of Oklahoma's statutory judicial review procedure as provided for in § 564.1.  The judicial review procedure expressly provides for appeal to the OCCA by "[e]ither party aggrieved by the final order of the district court . . . ."  *See id.*, § 564.1(G).

As set forth above, state judicial review pursuant to Okla. Stat. tit. 57, § 564.1 is, at this time, incomplete because Petitioner may still obtain appellate review of the claims

before the OCCA.  Petitioner's claims, therefore, are unexhausted and dismissal of the petition is proper.

### B.        Petitioner's Motion for Stay and Abeyance

Petitioner has filed a Motion for Stay and Abeyance [Doc. #11] requesting a stay of this federal habeas action pending complete exhaustion of state judicial remedies. Respondent has not responded to Petitioner's request.

A stay of a federal habeas proceeding may be warranted where the petitioner has filed a mixed petition, *i.e.*, a petition containing both exhausted and unexhausted claims. To be entitled to such a stay, however, the petitioner must demonstrate: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (addressing propriety of stay in context of mixed habeas petition brought pursuant to 28 U.S.C. § 2254).

Here, Petitioner has not filed a mixed petition, but rather a petition containing entirely unexhausted claims.  The Tenth Circuit has not yet decided "whether the procedure in *Rhines* applies to totally unexhausted petitions."  *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished op.). "Traditionally, when [as here,] a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *Id*. "[S]tay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first."  *Id*. (*citing*

*Rhines*, 544 U.S. at 277).  In *Hickman*, the Tenth Circuit concluded that the district court's refusal to stay a petition containing only unexhausted claims did not constitute an abuse of discretion.  *Id*.

Petitioner does not address the *Rhines* factors in requesting a stay.  Instead he contends that the relief he requests – immediate release from confinement – is only available through a federal habeas proceeding and, therefore, that he should be allowed to proceed with his due process claim before this Court.  Petitioner's contention points more to the issue of the availability of a state remedy, rather than a basis upon which to grant a stay.

It is true that under Oklahoma law, "[t]he only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process." Okla. Stat. tit. 57, § 564.1(E).  However, Petitioner may not bypass the judicial review provided by Oklahoma law and required for satisfaction of exhaustion of his claims.  As the Tenth Circuit has held, the remedy provided under Oklahoma law is adequate:

> [W]e see no way in which one might conclude that the process afforded by Oklahoma is "ineffective to protect the rights of the applicant" in this case. [citation omitted]. While Oklahoma's statute does not afford judicial review as to the credibility of witnesses or the weight of the evidence, and limits the forms of relief a court may provide a prisoner, it does demand procedural regularity in ODOC proceedings and specifies that, if the court finds due process lacking, ODOC will be compelled to afford new proceedings compliant with the demands of due process.

*Magar*, 490 F.3d at 819 (*citing* Okla. Stat. Ann. tit. 57, § 564.1(E)).  Moreover, federal habeas relief would only be available to Petitioner if he first demonstrates a denial of due

process.  Because a remedy exists under Oklahoma law to test the due process afforded

Petitioner, he must first exhaust state judicial remedies.

Addressing the *Rhines* factors, Petitioner has not provided any cause for immediately

filing this action rather than completing exhaustion of judicial remedies in state court.

Therefore, the first factor militates against a stay.  As to the second factor, a review of the

findings of the state court denying Petitioner's due process challenges indicates Petitioner's

habeas claims are of dubious merit.[2]  This factor, likewise, therefore, does not support

Petitioner's request for a stay and abeyance.  As to the final factor, there is no indication that

Petitioner has engaged in intentionally dilatory tactics and, therefore, this factor would not

militate against a stay.  On balance, however, application of the *Rhines* factors does not

demonstrate that a stay and abeyance should be granted while Petitioner completes the

exhaustion process.

One final matter that should be addressed is whether timeliness issues warrant

granting a stay and abeyance.  Petitioner has not specifically sought a stay on grounds that

---

[2]The state district court made the following findings:

In the instant action, Petitioner alleges at Proposition I of his Petition that he was not
provided with video tape of the offense and that failure to review said video resulted
in denial of his right to present relevant documentary evidence.  However, no video
tape was relied upon in the disciplinary proceedings.  Further Petitioner was
provided copies of all evidence related to the offense as indicated by his signature
on the "Record of Delivery of Copies of Evidence to Inmate" form.  At Proposition
II of his Petition, Petitioner alleges that there was no evidence that supported the
misconduct charge.  However, three written statements by law enforcement officers
all supported the charge of Menacing.

*See* Respondent's Motion to Dismiss, Exhibit 4, Journal Entry of Judgment at 3.

his petition may be untimely if he were to refile after exhaustion of state judicial remedies is complete. Because Plaintiff is appearing *pro se*, however, the Court has considered the effect of the limitations period on Petitioner's ability to refile.

The Tenth Circuit has held that the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) applies to § 2241 habeas petitions brought by state prisoners contesting administrative decisions. *Dulworth v. Evans*, 442 F.3d 1265, 1267, 1268 (10th Cir. 2006). Petitioner's final administrative appeal was denied on August 12, 2008. The limitations period, therefore, began to run on that date and Petitioner had one year thereafter, or until August 12, 2009, within which to file his federal habeas petition. *See Dulworth*, 442 F.3d at 1268 ("[W]here . . . a petitioner timely and diligently exhausts his administrative remedies, § 2241(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final.").

However, the time Petitioner has spent exhausting state judicial remedies would operate to statutorily toll the limitations period provided Petitioner has properly filed his application for judicial remedies. *See Dulworth*, 442 F.3d at 1269 (*citing Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that *judicial* exhaustion does not delay commencement of the limitation period under § 2244(d)(1)(D), noting that time a petitioner spends exhausting judicial remedies is properly addressed by the statutory tolling mechanism provided in § 2244(d)(2)) (emphasis in original). *See also Pace v. DiGuglielmo*, 544 U.S.

8

408 414, 417 (2005) (a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)).

It appears Petitioner would be entitled to statutory tolling for at least the approximately five-month period his request for judicial review was pending before the state district court, from September 26, 2008 (the date the state petition for review was filed) through February 11, 2009 (the date the state district court entered its journal entry of judgment). *See* Respondent's Motion, Exhibit 5, Docket. And, Petitioner may be entitled to additional statutory tolling depending on the outcome of his appeal pending before the OCCA.

Because Petitioner: (1) has not filed a mixed petition, but instead a petition containing only unexhausted claims: (2) the *Rhines* factors on balance do not support granting a stay; and (3) it does not appear, at present, that Petitioner's claims are time-barred, the Court concludes that Petitioner has not demonstrated sufficient facts to warrant granting a stay and abeyance. Accordingly, it is recommended that Petitioner's Motion for Stay and Abeyance be denied.

In making this recommendation, the analysis of the potential merits of Petitioner's claims has been made for a limited purpose and on an incomplete record. Such analysis is not intended to be conclusive as to the merits of any claims raised in a future habeas petition or any defenses that might be asserted as to those claims, including application of the limitations period set forth in 28 U.S.C. § 2244(d)(1).

9

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #9] be granted and that the Petition be dismissed for failure to exhaust state judicial remedies.  The dismissal is without prejudice to refiling.  It is further recommended that Petitioner's Motion for Stay and Abeyance [Doc. #11] be denied.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of this Court by September __21st__, 2009.  *See* Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __31st__ day of August, 2009.


_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE